Timothy M. Lynch
Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2
Anchorage, Alaska 99501
(907) 276-5297 telephone
(907) 276-5291 facsimile
tlynch@northlaw.com

*Attorneys for Great Divide Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY, )<br>a North Dakota Corporation )<br>  )<br>           Plaintiff, )<br>  )<br>v. )<br>  )<br>BEAR MOUNTAIN LODGE, LLC, an Alaska )<br>Limited Liability Company; MERRILL M. )<br>McGAHAN, individually and d/b/a Bear )<br>Mountain Lodge, LLC, an Alaska resident; )<br>LAURIE B. JOHNSON, individually and d/b/a )<br>Bear Mountain Lodge, an Alaska resident; )<br>MERRILL MARIE McGAHAN, individually )<br>and d/b/a Bear Mountain Lodge, an Alaska )<br>resident; LYLA REDISKE, as Personal )<br>Representative of the Estate of Walter W. )<br>Rediske, and on Behalf of Mary Elizabeth )<br>Rediske and three Minor children W.A.R., )<br>W.J.R., and E.J.R.; REDISKE FAMILY )<br>LIMITED PARTNERSHIP, an Alaska Limited )<br>Partnership; JB LEASING COMPANY, LLC, )<br>an Alaska Limited Liability Company; )<br>HUBERT WAYNE CLAYTON, as Personal )<br>Representative of the Estates of Kimberley )<br>Carol Clayton Antonakos, deceased, )<br>Milton Constantine Antonakos, III, )<br>deceased, Olivia Jane Antonakos, deceased, )<br>and Anastacia Clayton Antonakos, deceased, )<br>all of who were residents of South Carolina; )<br>CRISLER G. JOHNSON, as Personal )<br>Representative of the Estate of Milton C. )<br>Antonakos Jr, deceased, a resident of South )  | Civil Action No. 3:15-cv-000189 JWS |

Complaint for Declaratory Relief & Demand for Jury Trial                                Page 1 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*              Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 1 of 19

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

| | |
|---|---|
| Carolina; LAWRENCE F. McMANUS, Jr., as Special Administrator of the Estate of Christopher Michael McManus deceased; LARRY D. KESSLER, as Personal Representative of the Estate of Stacey Dickert McManus, deceased, a resident of South Carolina; JOHNNIE DICKERT, RACHEL DICKERT, and KATHLEEN M. McMANUS as Co-Personal Representatives of the Estates of Connor Michael McManus and Meghan Alexandra McManus, deceased, residents of South Carolina; VIKING AIR, Ltd., a foreign corporation incorporated in Canada; TEXAS TURBINE CONVERSIONS, INC., a Texas Corporation; RECON AIR, a foreign Corporation incorporated in Canada; and HONEYWELL INTERNATIONAL, INC., a Delaware corporation. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY RELIEF**
**(28 U.S.C. §2201 & 2202)**
**&**
**DEMAND FOR JURY TRIAL**
**(FRCP 38(b))**

**Demand For Jury Trial**

In accordance with Federal Rule of Civil Procedure 38(b), Great Divide Insurance Company requests a jury trial upon all issues that are triable by a jury.

**Complaint For Declaratory Relief**

Great Divide Insurance Company ("Great Divide"), by and through its counsel of record, Hozubin, Moberly, Lynch & Associates, hereby asserts its complaint for declaratory relief as follows:

Complaint for Declaratory Relief & Demand for Jury Trial    Page 2 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*    Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 2 of 19

## Parties

Great Divide is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of Arizona. Great Divide issued policy number GC954306 naming Bear Mountain Lodge, LLC ("Bear Mountain") as the named insured with a policy term of June 4, 2013 to June 4, 2014.

II

Great Divide is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

III

Defendant, Bear Mountain, is a limited liability company organized under the laws of the State of Alaska with its entity address as 51361 Murphy Street, Nikiski, Alaska, 99635. Bear Mountain operates a tourist lodge on Chinitna Bay, Alaska.

IV

Defendant, Merrill M. McGahan, is a member of Bear Mountain. He owns thirty (30) percent of the business and resides at P. 0. Box 9022, Nikiski, Alaska, 99635.

V

Defendant, Laurie B. Johnson, is a member of Bear Mountain. She owns fifty (50) percent of the business and resides at 50314 Parsons Avenue, Nikiski, Alaska, 99635.

VI

Defendant, Merrill Marie McGahan, is a member of Bear Mountain. She owns twenty (20) percent of the business and resides at P. 0. Box 7000, Nikiski, Alaska, 99635.

Complaint for Declaratory Relief & Demand for Jury Trial                                           Page 3 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*                    Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 3 of 19

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

VII

Walter W. Rediske ("Rediske"), deceased, was the owner of and principal pilot for Rediske Air. Rediske was piloting a deHavilland DHC-3 ("Otter") airplane N93PC, which crashed on July 7, 2013 following its takeoff from the Soldotna Airport in Alaska.

VIII

Upon information and belief, the Rediske Family Limited Partnership and JB Leasing Company had an ownership interest in the Otter.

IX

The deceased, Kimberly Carol Clayton Antonakos, Milton Constantine Antonakos, III, Olivia Jane Antonakos, Anastacia Clayton Antonakos, Milton C. Antonakos, Jr., Christopher Michael McManus, Stacey Dickert McManus, Connor Michael Mc Manus, and Meghan Alexandra McManus were all passengers on the Otter and were killed in the crash, which occurred on July 7, 2013. They were all residents of South Carolina.

X

Viking Air, Ltd. ("Viking") is a Canadian corporation who manufactured the Otter aircraft.

XI

Texas Turbine Conversions, Inc. ("Texas") is a Texas corporation who modified the Otter from a rotary engine aircraft to a turbine powered aircraft.

XII

Recon Air ("Recon") is a Canadian corporation who operates an authorized conversion facility at which the work on the Otter was completed.

Complaint for Declaratory Relief & Demand for Jury Trial                                           Page 4 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*                   Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 4 of 19

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

XIII

Honeywell International, Inc. ("Honeywell") is a Delaware corporation licensed to do business in Alaska. Honeywell overhauled the engine on the Otter on April 26, 2010.

XIV

Viking, Texas, Recon, and Honeywell are collectively referred to by the plaintiffs in the underlying litigation as the "Conversion Defendants."

**Jurisdiction And Venue**

XV

This is an action for declaratory relief under 28 U.S.C. §2201 and for such additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. §2202.

XVI

This Court has subject matter jurisdiction under 28 U.S.C. §1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states with Great Divide being considered a resident of the State of North Dakota and all of the Defendants being considered residents of other states, i.e. South Carolina, Texas, and Alaska, and/or residents of Canada. None are residents of North Dakota.

XVII

In accordance with 28 U.S.C. § 1391(b)(1) and (2), venue in this district is appropriate as the accident occurred in this district, the insured is a resident of this district, and the Wrongful Death litigation which gives rise to this declaratory judgment action was filed by the plaintiffs in this district.

Complaint for Declaratory Relief & Demand for Jury Trial                        Page 5 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*     Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 5 of 19

## Allegations In Support Of Declaratory Relief

### XVIII

On July 7, 2013, Rediske was booked to fly an unidentified passenger on a trip. That individual canceled.

### XIX

The decedents were scheduled to fly with another pilot from Rediske Air to the Bear Mountain Lodge. Given the number of passengers and the amount of baggage and cargo, the trip would have required two aircraft.

### XX

With the cancellation of the earlier planned trip, Rediske chose to fly all of the passengers using the Otter, which he could do in one trip.

### XXI

Merrill M. McGahan went to the Nikiski Airport and gave Rediske certain cargo items to be flown to Bear Mountain.

### XXII

Rediske flew from the Nikiski Airport to the Soldotna Airport where he met up with the passengers. Rediske loaded the passengers and their luggage onto the Otter without assistance from Merrill M. McGahan or anyone acting with the authority of Bear Mountain.

### XXIII

Rediske took off heading to Bear Mountain, which is approximately 90 miles southwest of Soldotna.

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial  Page 6 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*  Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 6 of 19

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

### XXIV

Shortly after takeoff, the Otter crashed approximately 2,320 feet from the end of the runway. All aboard the Otter at the time of the crash perished at the scene.

### XXV

On or about July 1, 2015, Hubert Way Clayton, Crisler G. Johnson, Lawrence F. McManus, Jr., Larry D. Kessler, Johnny Dickert, Rachel Dickert, and Kathleen M. McManus, acting as personal representatives and / special administrators of the Estates of the deceased passengers, filed duplicate complaints in the U.S. District Court for the District of Alaska bearing Case Number 3:15-cv-00113-HRH[1] and in the Greenville Division of the U.S. District Court for the District of South Carolina bearing Case Number 6:15-cv-02622-GRA.[2] In both suits, Bear Mountain, Merrill M. McGahan, and Laurie Johnson were, among others, named as defendants.

### XXVI

On or about July 6, 2015, Lyla Rediske, as personal representative of Rediske's Estate and his beneficiaries, his wife, Mary Elizabeth Rediske, and their three minor children filed a Complaint[3] in the U.S. District Court for the District of Alaska bearing Case Number 3:15-cv-00115-TMB naming among others as defendants, Bear Mountain, Merrill M. McGahan, and Laurie Johnson.

### XXVII

Counsel for the various plaintiffs in the underlying actions claim that Bear Mountain, McGahan, and Johnson were negligent and are, therefore, responsible for the deaths because they:

---

[1] Doc 1.
[2] Id.
[3] Id.

Complaint for Declaratory Relief & Demand for Jury Trial                                                        Page 7 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*                                     Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 7 of 19

1) Selected the pilot, Rediske, and the aircraft, the Otter, for the trip from Nikiski to Soldotna to the Lodge;

2) Caused the aircraft to land in Soldotna to pick up passengers and luggage;

3) Maintained operational control over the Otter from Soldotna to the Lodge such that the pilot was a mere agent or instrumentality of Bear Mountain;

4) Performed the ground handling and loading of cargo and supplies;

5) Directed both the flight path and the schedule of the Otter;

6) Negligently provided weight information to the pilot;

7) Negligently loaded the passengers and cargo onto the aircraft;

8) Are responsible for the quality and safety of the aircraft and its component parts and equipment;

9) Failed to establish training programs dealing with the safe loading of aircraft;

10) Failed to properly screen and evaluate the pilot who operated the Otter; and

11) Failed to make certain that Rediske Air complied with Federal Aviation regulations.

XXVIII

In addition to compensatory damages, the plaintiffs in the underlying litigation seek punitive or exemplary damages.

XXIX

Bear Mountain, McGahan, and Johnson do not have insurance coverage for defense or indemnification under the terms and conditions of the Great Divide insurance policy GC954306.

XXX

Insurance policy GC954306 provides in pertinent part as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

Complaint for Declaratory Relief & Demand for Jury Trial  Page 8 of 19
*Great Divide Insurance Co. v. Bear Mountain Lodge, et al.*  Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 8 of 19

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

* * * *

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

* * * *

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if.

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

* * * *

**2. Exclusions**

This insurance does not apply to:

* * * *

**g. Aircraft, Auto Or Watercraft**

Complaint for Declaratory Relief & Demand for Jury Trial                           Page 9 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*     Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 9 of 19

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

\* \* \* \*

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft;

\* \* \* \*

**COVERAGE C MEDICAL PAYMENTS**

**1. Insuring Agreement**

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

  1) On premises you own or rent;

  2) On ways next to premise you own or rent; or

  3) Because of your operations

  provided that:

  1) The accident takes place in the "coverage territory" and during the policy period;

  2) The expenses are incurred and reported to us within one year of the date of the accident; and

  3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. . . .

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial  Page 10 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*  Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 10 of 19

\* \* \* \*

**2. Exclusions**

We will not pay expenses for "bodily injury":

\* \* \* \*

**g. Coverage A Exclusion**

Excluded under Coverage **A**.

**SECTION II – WHO IS AN INSURED**

**1**. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insured, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**SECTION III – LIMITS OF INSURANCE**

The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

a. Insureds;

b. Claims made or "suits" brought; or

c. Persons or organizations making claims or bringing "suits".

The General Aggregate Limit is the most we will pay for the sum of:

Medical expenses under Coverage C;

Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

Complaint for Declaratory Relief & Demand for Jury Trial                            Page 11 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*          Civil Action No. 3:15-cv-000189 JWS

Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 11 of 19

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

\* \* \* \*

>Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:
>
>Damages under Coverage A; and
>
>Medical expenses under Coverage C
>
>Because of all "bodily injury" and "property damage" arising out of any one "occurrence".

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \* \*

**2. Duties in the Event of Occurrence, Offense, Claim Or Suit**

**a**. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

>1) How, when and where the "occurrence" or offense took place;
>
>2) The names and addresses of any injured persons and witnesses; and
>
>3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

\* \* \* \*

**Section V – Definitions**

\* \* \* \*

**3.** Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \*

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \* \*

Complaint for Declaratory Relief & Demand for Jury Trial                                               Page 12 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*                   Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 12 of 19

**9.** "Insured contract" means: [Note, this definition was replaced by Endorsement L216 (07/09)].

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**11.** "Loading or unloading" means the handling of property:

   a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

   b. While it is in or on an aircraft, watercraft or "auto"; or

   c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

\* \* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \*

**17.** "Property damage" means:

   **a**. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

\* \* \* \*

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by your, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

Complaint for Declaratory Relief & Demand for Jury Trial                              Page 13 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*        Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 13 of 19

Endorsement L216 (07/09) provides as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMENDMENT OF DEFINITIONS – INSURED CONTRACT**
**(Limited Form)**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

Definition 9, "insured contract of the Definitions section is replaced by the following:

**9.** "Insured contract" means any written: [Note: there is no need to proceed further with this provision as there is no allegation that there was a written contract between the insured and Walter Rediske or the Rediske Family Partnership, the owner of the DHC-3 deHavilland "Otter" airplane that crashed or with Rediske Air, Inc., the employer of the pilot of the aircraft.

\* \* \* \*

All other terms and conditions of this policy remain unchanged.

Endorsement L217 (06/07) provides as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    LIQUOR LIABILITY COVERAGE PART
    OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following exclusion is **added** to **2. Exclusions** of **Section I**:

    This insurance does not apply to punitive or exemplary damages.

All other terms and conditions of this policy remain unchanged.

Endorsement L240 (06/07) provides as follows:

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial      Page 14 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*      Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 14 of 19

**LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is **added** to **2. Exclusions** of **Section I** - **Coverage A** – **Bodily Injury And Property Damage Liability**, **Coverage B – Personal And Advertising Injury Liability** and **Coverage C – Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of, or in any way related to, operations performed by any insured or any person or organization for whom any insured may be legally or contractually responsible, unless such operations are "designated operations".

**B**. For the purpose of this endorsement, the following definition is added to the Definitions section:

> "Designated operations" means only those operations performed by any insured that are described on the General Liability Coverage Part Declarations, the endorsements, or supplements of this insurance.

All other terms and conditions of this policy remain unchanged.

Endorsement L282 (07/12) provides as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – CONTRACTORS AND SUBCONTRACTORS -- ALASKA**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is **added** to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal and Advertising Injury Liability** and **Coverage C – Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of work performed by a contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

Complaint for Declaratory Relief & Demand for Jury Trial  Page 15 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*  Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 15 of 19

All other terms and conditions of this policy remain unchanged.

XXXI

All claims sought in the underlying lawsuits arising from the crash of the Otter are excluded from coverage for both defense and indemnification under Great Divide insurance policy GC954306 because they arise from the operation, maintenance, or use of an aircraft including its loading.

XXXII

All claims sought in the underlying lawsuits arising from the crash of the Otter are excluded from coverage for both defense and indemnification under Great Divide insurance policy GC954306 because the insured failed to notify Great Divide as soon as practicable regarding the occurrence which may give rise to a claim resulting in prejudice to Great Divide in that it was no given an opportunity to investigate the event close in time to the occurrence.

XXXIII

Punitive or exemplary damages are excluded in accordance with Endorsement L217 (06/07).

XXXIV

All claims sought in two underlying lawsuits arising from the crash of the Otter are excluded from coverage for both defense and indemnification under Great Divide insurance policy GC954306 because they do not arise from designated operations for which insurance is provided.

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial  Page 16 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*  Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 16 of 19

## XXXV

All claims sought in the underlying lawsuits arising from the crash of the Otter are excluded from coverage for both defense and indemnification under Great Divide Insurance policy GC954306 because they arise out of work performed by a contractor or subcontractor.

## XXXVI

A real and substantial controversy exists as to whether Great Divide has a duty to defend and/or indemnify Bear Mountain, Merrill M. McGahan, Laurie Johnson, and/or Merrill Marie McGahan against those claims asserted by the plaintiffs in the underlying Complaints.

## XXXVII

A real and substantial controversy exists regarding whether or not Bear Mountain, Merrill M. McGahan, Laurie Johnson, and/or Merrill Marie McGahan have complied with all relevant conditions and obligations required to obtain insurance coverage provided by insurance policy number GC954306.

## XXXVIII

The matter in controversy exceeds the sum of $75,000 exclusive of costs, interest and attorney fees.

**Prayer For Relief**

Having set forth its complaint for declaratory relief, Great Divide prays for judgment as follows:

1) For a declaratory judgment determining that the Great Divide insurance policy number GC954306 does not provide coverage for Bear Mountain, Merrill M. McGahan, Laurie Johnson, and/or Merrill Marie McGahan with regard to

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial   Page 17 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*   Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 17 of 19

defense and/or indemnification as to any or all claims asserted by the plaintiffs in the underlying actions arising from the July 7, 2013 crash of the Otter aircraft.

2) That the plaintiffs in the underlying actions, Bear Mountain, Merrill M. McGahan, Laurie Johnson, Merrill Marie McGahan, and the Conversion Defendants, all of whom are named as parties herein, and any or all of their successors, heirs, and assigns are enjoined from attempting to enforce the defense and/or indemnity provisions contained in the Great Divide insurance policy number GC954306.

3) That the plaintiffs in the underlying actions, Bear Mountain, Merrill M. McGahan, Laurie Johnson, Merrill Marie McGahan, and the Conversion Defendants, all of whom are named as parties herein, are enjoined from assigning, conveying, or transferring or to obtain by assignment or otherwise the ability to assert any claims against Great Divide its agents, employees, successors and assigns for damages, direct or consequential, arising from Great Divide's actions with regard to the defense and/or indemnity provisions of insurance policy number GC954306.

4) That Great Divide be awarded its costs and attorneys fees.

5) That Great Divide be awarded such additional and further relief as the facts and law warrant.

/

/

/

/

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial                                   Page 18 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*          Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 18 of 19

RESPECTFULLY submitted at Anchorage, Alaska, this 7th day of October, 2015.

        HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
        Attorneys for Great Divide Insurance Company

By: /s/ Timothy M. Lynch
     Timothy M. Lynch
     Hozubin, Moberly, Lynch & Associates
     711 M Street, Suite 2
     Anchorage, AK 99501
     (907) 276-5297 telephone
     (907) 276-5291 facsimile
     tlynch@northlaw.com
     Alaska Bar No. 7111030

Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial     Page 19 of 19
*Great Divide Insurance Co. v .Bear Mountain Lodge, et al.*     Civil Action No. 3:15-cv-000189 JWS
Case 3:15-cv-00189-JWS   Document 2   Filed 10/07/15   Page 19 of 19