# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE COMPANY,

    Plaintiff,

vs.

BEAR MOUNTAIN LODGE, LLC; MERRILL M. MCGAHAN; LAURI B. JOHNSON; MERRILL MARIE MCGAHAN, et al.,

    Defendants.

3:15-CV-00189 JWS

ORDER AND OPINION

[Re: Motion at docket 6]

## I. MOTION PRESENTED

At docket 6, declaratory judgment plaintiff Great Divide Insurance Company ("Great Divide") filed a motion to dismiss the insurance bad faith counterclaim against it filed by defendants Bear Mountain Lodge, LLC, Merrill M. McGahan, Lauri B. Johnson, and Merrill Marie McGahan ( collectively "BML") for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. BML's response in opposition is at docket 14. Great Divide's reply is at docket 54. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

On July 7, 2013, Walter Rediske, owner and chief pilot of Rediske Air, was transporting guests in a deHavilland DHC-3 "Otter" aircraft to the Bear Mountain Lodge when the plane crashed following its takeoff from the Soldotna Airport in Alaska. Rediske and all of the passengers died in the crash. The survivors and estates of the

deceased filed various lawsuits in July of 2015 related to the crash. BML is a named defendant in these lawsuits.

Bear Mountain Lodge, LLC is named as the insured on a Great Divide insurance policy that was in effect at the time of the crash. Defendants Merrill M. McGahan, Lauri B. Johnson, and Merrill Marie McGahan are the owners of Bear Mountain Lodge, LLC, and, as such, are potential additional insureds under the policy. BML, through its attorney, reported the litigation to Great Divide. Great Divide sent BML's attorney a reservation-of-rights letter. The letter explained Great Divide's position that provisions in BML's policy exclude coverage for the claims arising from the July 7, 2013 airplane crash. In addition, the letter explained that Great Divide would pay the attorneys' fees and costs BML incurred in the defense of those claims as to which Great Divide had reserved its rights. Two months later, Great Divide filed its complaint for declaratory judgment, asking that the court determine its obligations under BML's insurance policy. BML answered the complaint and filed a counterclaim alleging a violation of the implied covenant of good faith and fair dealing under Alaska law. Great Divide then filed this motion to dismiss.

### III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[1] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[2] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

alleged under a cognizable legal theory."[3] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[4]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[8] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[9] "In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on ... judicial experience and common sense.'"[10]

---

[3]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[4]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[5]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6]*Id.*

[7]*Id.* (citing *Twombly*, 550 U.S. at 556).

[8]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[9]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[10]*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)).

## IV. DISCUSSION

Under Alaska law, the covenant of good faith and fair dealing is implied in all contracts.[11] "[A]n insured's cause of action against an insurer for breach of the duty of good faith and fair dealing sounds in tort."[12] While the elements of this tort have not been defined with specificity, an insured must at least show that the insurer's actions or decisions were objectively unreasonable.[13]

Great Divide argues that filing a declaratory judgment to determine its obligations under an insurance policy is not an unreasonable action as a matter of law. It argues that the district court has previously indicated that when an insurer believes a claim is outside of coverage it may tender a defense under a reservation of rights and then file a declaratory judgment action to have its obligations determined under the policy, as it did here.[14] BML concedes as much. Indeed, "[a]ll courts . . . have recognized and condoned the use of declaratory judgment actions by insurers. Therefore, merely invoking the right to a declaratory judgment action does not, in and of itself, support an action for bad faith."[15] However, BML argues that filing a declaratory judgment does not in turn shield an insurer from a claim of bad faith. It stresses that if an insurer files a declaratory judgment action for an unreasonable or illegitimate purpose—such as for the purpose of putting financial strain on a claimant for its own economic benefit—that action can constitute bad faith.

---

[11]*State Farm Mut. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992).

[12]*State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1156-57 (Alaska 1989).

[13]*Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1323-24 (Alaska 1993); *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697-98 (Alaska 2014).

[14]*Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1114 (D. Alaska 1998).

[15]*State Farm Fire & Cas. Co. v. Trumble*, 663 F.Supp. 317, 320 (D. Idaho 1987).

In *Lockwood v. GEICO General Insurance, Co.*,[16] the Alaska Supreme Court recognized that the tort of bad faith can be premised on an allegation that the insurer used its relative financial strength to harm the insured for its own economic benefit.[17] There, the insured claimed that the insurer, GEICO, was acting in bad faith by delaying payment of medical bills. The lower court granted summary judgment in favor of GEICO. The Alaska Supreme Court reversed, finding that there was a genuine issue of material fact regarding whether GEICO was not paying the insured's bills so that the financial strain on her would motivate her to accept a global settlement of the claim.[18] Based on *Lockwood*, an action or decision by an insured made for the purpose of putting financial strain on an insured for its own financial benefit can be the basis for a bad faith claim. The cases cited in Great Divide's reply brief do not show otherwise. For example, in *Allstate Insurance Co. v. Thacher*,[19] after receiving notice of an arbitration award against its insured, Allstate, the insurer, reserved its rights, tendered a defense, and filed a declaratory judgment action. The insured then brought a counterclaim for bad faith against the insurer who had filed a declaratory judgment action. The Ninth Circuit affirmed the district court's order granting summary judgment in favor of Allstate on the counterclaim for bad faith, stating that Allstate had a reasonable and "legitimate dispute as to [its] obligations under [the policy.]"[20] Here, BML's counterclaim is based on an allegation that Great Divide does not have a legitimate dispute because Great Divide is merely filing the declaratory judgment action

---

[16]323 P.3d 691 (Alaska 2014).

[17]*Id.* at 698.

[18]*Id.*

[19]520 F. App'x 511 (9th Cir. 2013).

[20]*Id.* at 514 (citing California law).

as a financial "weapon."[21]  Moreover, the court is not looking at the issue at the summary judgment phase, but instead is looking at whether BML has stated a valid claim.

While the filing of a declaratory judgment action for an improper motive can validly support a bad faith claim under Alaska law, BML's counterclaim nonetheless lacks sufficient factual detail to support such a claim.  Paragraph 3 of BML's counterclaim alleges that "Great Divide is using its relative economic strength as a weapon against BML by requiring it to defend this declaratory judgment action in order to secure insurance coverage Great Divide is obligated to provide."  That is all the factual detail provided.  BML has merely pleaded the elements of its bad faith claim—that Great Divide filed the declaratory judgment action for an improper financial reason.  These are conclusory allegations; there is no factual support provided from which the court could draw favorable inferences regarding Great Divide's improper financial motive.  For example, there is nothing alleged in the counterclaim setting forth why coverage is beyond dispute or what was known to Great Divide in relation to the underlying occurrence and policy to suggest that bad faith could be plausible here. BML must set forth some "factual enhancement" so that the claim becomes not just possible but plausible.[22]

## V.  CONCLUSION

Based on the preceding discussion, Great Divide's Motion to Dismiss at docket 6 is GRANTED.  BML's counterclaim for bad faith is dismissed but without prejudice.  If

---

[21]Doc. 5 at p. 6, ¶ 3.

[22]*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014).

BML can do so in good faith, it may move to file an amended counterclaim which corrects the deficits in the existing counterclaim.

DATED this 24th day of February 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE